# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## SEPTEMBER 1998 SESSION

FILED

October 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| AUDREY E. DOWNS, | ) | C.C.A. NO. 02C01-9710-CR-00390 |
| | ) | |
| Appellant, | ) | SHELBY COUNTY NO. P-17849 |
| | ) | |
| VS. | ) | HON. BERNIE WEINMAN, |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | AFFIRMED - RULE 20 |
| Appellee. | ) | |

### ORDER

The petitioner appeals the trial court's denial of post-conviction relief. The petitioner originally pled guilty to felony murder and aggravated rape. He received agreed sentences of life imprisonment without the possibility of parole and twenty-five (25) years, respectively. The sentences were ordered to run concurrently. In this appeal, the petitioner only contests the felony murder plea. He contends the plea was the unknowing and involuntary result of ineffective assistance of counsel.

The petitioner testified trial counsel did not conduct a proper factual investigation and failed to sufficiently confer with him. Specifically, the petitioner complained counsel failed to interview his sister who possessed the clothing worn by the petitioner at the time of the homicide. Petitioner testified he was unaware of the constitutional rights he was waiving when he pled guilty. If he had been aware, petitioner claimed, he would have proceeded to trial. The petitioner also testified that he was still suffering from the effects of drugs at the time he entered the guilty plea even though he had been in custody eleven (11) months.

The petitioner stated his primary reason for pleading guilty was his attorney's statement that he would receive the death penalty if he proceeded to trial. The petitioner further stated that he would have proceeded to trial if he had known there was the possibility of receiving a punishment other than death. The petitioner also complained of a mental examination performed one week before he entered the

guilty plea. The petitioner contends this examination could not reflect his mental state at the time of the murder since his mind had cleared since he had been in jail.

One of the petitioner's trial attorneys testified at the hearing. He stated that he and co-counsel were members of the Shelby County Public Defenders Office Capital Defense Team. Trial counsel stated that the prosecutors gave them a list of witnesses the state intended to call and maintained open discovery. Counsel testified the defense team spoke with petitioner's family, friends and co-workers while investigating the case. One mental evaluation was performed early in the investigation followed by another evaluation performed one week before the plea. Neither found the petitioner insane or incompetent. Counsel filed a motion in an attempt to suppress the petitioner's statements given to police. After a hearing, the motions were denied. Counsel testified the petitioner's statement was extremely damaging. In his opinion the petitioner would have received the death penalty at a trial since petitioner had a prior conviction for assault with intent to commit sexual battery involving violence. Trial counsel's testimony contradicted the petitioner's testimony in all material respects.

Honorable Bernie Weinman filed extensive written findings in denying the petition. Judge Weinman concluded the petitioner "willingly, freely and voluntarily" entered the plea of guilty and desired to avoid the death penalty. He further found that trial counsel "thoroughly investigated the case, filed all necessary motions, had a lengthy hearing on the Motion To Suppress the defendant's statements and was prepared to try the case if the defendant desired to proceed to trial." He concluded the advice given and services rendered by trial counsel met the standards required by Baxter v. Rose, 527 S.W.2d 930 (Tenn. 1975). The evidence certainly does not preponderate against the findings of the trial court.[1]

Therefore, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court.

---

[1] The legal ramifications of the clothing possessed by petitioner's sister were not specifically addressed in the trial court's findings. Nevertheless, petitioner has failed to establish that the clothing would exonerate him. Furthermore, he has not established that he would not have pled guilty had the clothing been examined by counsel.

Costs are taxed to the state as the appellant is indigent.

All of which is so ORDERED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**

3